# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>MAUI INDUSTRIAL LOAN & FINANCE COMPANY,<br><br>    Debtor. | Case No. 10-00235<br>Chapter 7 |
| DANE S. FIELD,<br><br>    Plaintiff,<br><br>vs.<br><br>NORIYUKA UEOKA and FLORENCE UEOKA,<br><br>    Defendants. | Adv. Pro. No. 10-90128<br><br><br><br>Re: Docket No. 35 |

## MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

In this adversary proceeding, the chapter 7 trustee of a company that operated a Ponzi scheme seeks to recover money transferred to the defendants. On November 18, 2011, a hearing was held on the plaintiff's unopposed motion for summary judgment. The defendants did not appear at the hearing. The defendants' grandson, however, wrote to the court and to plaintiff's counsel, requesting the hearing be postponed because his grandparents are not healthy

enough to travel from Maui to Honolulu for the hearing on the motion. The court issued an order allowing the defendants to respond to the motion in writing no later than December 2, 2011, and dispensing of a hearing on the motion. Dkt. no. 43. The defendants did not file a written response. The trustee's evidence and arguments in support of the motion are thus unchallenged.

## FACTS

On January 28, 2010, the debtor, Maui Industrial Loan & Finance Company, Inc., a Hawaii corporation based on Maui, filed for chapter 7 relief under the Bankruptcy Code and plaintiff Dane S. Field was appointed trustee. From 1986 until the date of filing for bankruptcy, the debtor, under the direction of its principal owner and CEO, Lloyd Kimura, enticed investors to invest in a Ponzi scheme which promised substantial returns. On January 5, 2011, Mr. Kimura pleaded guilty to numerous federal felonies related to the Ponzi scheme and executed a plea agreement.

Between October 1990 and July 2007, the defendants, Noriyuka and Florence Ueoka, invested in the debtor's Ponzi scheme and received profits of approximately $31,116.81.

The trustee commenced this adversary proceeding on October 17, 2010 to

2

U.S. Bankruptcy Court - Hawaii   #10-90128   Dkt # 47   Filed 12/08/11   Page 2 of 7

recover as fraudulent the transfers made by the debtor to the defendants. The trustee now seeks partial summary judgment.

## STANDARD

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), Fed. R. Bankr. P. 7056; see also Barboza v. New Form, Inc. (In re Barboza), 545 F.3d 702, 707 (9th Cir. 2008). In resolving a summary judgment motion, the court does not weigh evidence, but rather determines only whether a material factual dispute remains for trial. Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir. 1997). In making this determination, the court views the evidence in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in favor of the nonmoving party. McSherry v. City of Long Beach, 584 F.3d 1129, 1135 (9th Cir. 2009).

## DISCUSSION

The trustee seeks partial summary judgment, alleging that the transfers to the defendants were fraudulent under the Bankruptcy Code, 11 U.S.C. § 544(b)(1) (2006), and the Hawaii Uniform Fraudulent Transfer Act, Haw. Rev. Stat. § 651C-

U.S. Bankruptcy Court - Hawaii   #10-90128   Dkt # 47   Filed 12/08/11   Page 3 of 7

4(a) (2009). The trustee further contends that the defendants are liable for the fraudulent transfers pursuant to 11 U.S.C. § 550(a)(1).

## Fraudulent Transfer

The Hawaii Fraudulent Transfer Act and section 544(b) of the Bankruptcy Code permits the trustee to avoid "a transfer made or obligation incurred by a debtor [that] is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation ... with actual intent to hinder, delay, or defraud any creditor of the debtor ... ." Haw. Rev. Stat. § 651C-4(a)(1).

A claim under section 651C-4(a)(1) must br brought "within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant[.]" Haw. Rev. Stat. § 651C-9(1). The limitations period for the trustee begins to run when the <u>last</u> creditor could reasonably have discovered the fraudulent nature of a particular transfer. <u>Picard v. Chais</u> (<u>In re Madoff</u>), 445 B.R. 206, 220 (Bankr. S.D. N.Y. 2011); <u>In re G-I Holdings</u>, 313 B.R. 612, 639 (Bankr. D. N.J. 2004). For a trustee in bankruptcy, any action in which the limitations period has not expired prior to the filing of a bankruptcy petition is tolled for up to two years after the filing. 11 U.S.C. § 108(a).

4

U.S. Bankruptcy Court - Hawaii   #10-90128   Dkt # 47   Filed 12/08/11   Page 4 of 7

The trustee presented unrebutted evidence that at least one reasonably diligent creditor would not have discovered the fraudulent nature of the transfers until less than one year before the commencement of the bankruptcy case. Dkt. no. 35, Exhibits D-E, F-N. The trustee commenced this adversary proceeding less than two years after the bankruptcy filing. The trustee's claims are therefore timely under Haw. Rev. Stat. § 651C-9(1).

The trustee has proven the elements of a fraudulent transfer. Mr. Kimura's plea agreement conclusively establishes that the debtor operated a Ponzi scheme with the intent to hinder, delay, or defraud creditors. In re Slatkin, 525 F.3d 805 (9th Cir. 2008). Courts presume that Ponzi scheme operators intend to hinder, delay, or defraud creditors. See, e.g., Donell v. Kowell, 533 F.3d 762, 770 (9th Cir. 2008); Barclay v. Mackenzie, 525 F.3d 700, 704 (9th Cir. 2008). In such a scheme, it is sufficient for the trustee to allege fraudulent conveyances between certain years and for a total certain sum. In re Thomas, 47 B.R. 27, 31 (Bankr. S.D. Cal. 1984). The trustee proved that the debtor made specific transfers to the defendants. Dkt. no. 35, Exhibit B, C. The transfers are fraudulent under 11 U.S.C. § 544(b)(1) and Haw. Rev. Stat. § 651C-4(a).

Claims under section 651C-4(a)(1) are subject to an affirmative good faith defense: "[a] transfer . . . is not voidable under section 651C-4(a)(1) against a

5

person who took in good faith and for a reasonably equivalent value[.]"  Haw. Rev. Stat. § 651C-8(a).  For the purpose of this motion, the trustee conceded this good faith defense.  The defendants, as good faith investors, are required only to disgorge the profits paid to them by the debtor.  <u>Donell v. Kowell</u>, 533 F.3d 762, 771 (9th Cir. 2008).

## Transferee Liability

The trustee seeks to recover the avoidable transfers from the defendants pursuant to 11 U.S.C. § 550.  This section provides that: "to the extent that a transfer is avoided under section 544 . . ., the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from . . . the initial transferee of such transfer[.]"  11 U.S.C. § 550(a)(1).  The defendants do not dispute that they are the initial, and only, transferees of the $31,116.81 from the debtor.  The trustee is also entitled to summary judgment as to this count.

## Prejudgment Interest

This court has the authority to award prejudgment interest under federal law.  <u>In re Slatkin</u>, 525 F.3d at 820.  The trustee should recover pre-judgment interest at the Hawaii rate of 10 percent per annum from the date on which the transfers were made.  Haw. Rev. Stat. § 636-16; <u>Donell</u>, 533 F.3d at 772; <u>Eastman</u>

6

v. McGowan, 86 Hawai'i 21, 28, 946 P.2d 1317, 1324 (1997).

\* \* \*

For these reasons, the trustee's motion for summary judgment as to counts 2, 3, and 4 is granted.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 12/08/2011